## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT – LAW DIVISION

CHARLENE AVERY-LEWIS,

      Plaintiff,

    -vs-

RUFUS COLEMAN, BARBARA
COLEMAN, and THE FREDDIE MAC
FOUNDATION, INC. d/b/a FEDERAL
HOME LOAN MORTGAGE CORP. a/k/a
FREDDIE MAC,

      Defendants.

Case No.:

2014L007310
CALENDAR/ROOM B
TIME 00:00
Premises Liability

### COMPLAINT AT LAW

NOW COMES the Plaintiff, Charlene Avery-Lewis, by and through her attorneys, ROBERT A. LANGFNDORF, P.C., and complains of the Defendants, Rufus Coleman, Barbara Coleman, and The Freddie Mac Foundation, Inc. d/b/a Federal Home Loan Mortgage Corporation a/k/a Freddie Mac (hereinafter referred to as "Freddie Mac"), as follows:

### GENERAL ALLEGATIONS

1. On or about September 19, 2013, the Defendant, Rufus Coleman, owned, maintained, and/or controlled the premises located at 8006 South Union Avenue in the City of Chicago, County of Cook, and State of Illinois.

2. On or about September 19, 2013, the Defendant, Barbara Coleman, owned, maintained, and/or controlled the premises located at 8006 South Union Avenue in the City of Chicago, County of Cook, and State of Illinois.

3. At all times material to this matter, Freddie Mac is a Virginia based corporation doing business in the State of Illinois with its principal office located in Fairfax County, Virginia.

4. On or about September 19, 2013, the Defendant, Freddie Mac, owned, maintained, managed, and/or controlled the premises located at 8006 South Union Avenue in the City of Chicago, County of Cook, and State of Illinois.

5. On or about September 19, 2013, the Plaintiff, Charlene Avery-Lewis, was lawfully on the aforementioned premises as a postal carrier delivering mail addressed to said premises and was using the property in its intended and permitted use.

6. At the aforementioned time and place, Plaintiff, Charlene Avery-Lewis, was free from contributory fault.

7. On the aforementioned date, Plaintiff, Charlene Avery-Lewis, was ascending the stairs on the front porch in order to place said mail in the mailbox when a wooden step came loose on the porch and caused the Plaintiff to fall down the stairs.

8. That at the aforesaid time there were no warning signs.

## COUNT I – CHARLENE AVERY-LEWIS V. RUFUS COLEMAN – NEGLIGENCE

9. Plaintiff re-incorporated, re-alleges, and re-states counts one (1) through eight (8) as though fully stated herein.

10. Defendant, Rufus Coleman, knew or should have known that said stairs represented a dangerous condition to those lawfully on the premises.

11. At all times material to this incident Defendant, Rufus Coleman had a duty to maintain the aforementioned premises in a safe and reasonable manner so as to prevent injury to those lawfully on the premises.

12. Defendant, Rufus Coleman, breached the aforementioned duty through one or more of the following acts and/or omissions:

2

a.  Carelessly and negligently operated, managed, maintained, inspected and/or controlled the premises;

b.  Carelessly and negligently failed to remove the dangerous condition from the premises;

c.  Carelessly and negligently failed to take any safety precautions whatsoever to remove and/or prevent the dangerous condition, knowing or where it should have known that its failure to do so represented a danger those lawfully on the premises;

d.  Carelessly and negligently failed to post proper warnings of the dangerous conditions that existed, knowing or where it should have known in the exercise of reasonable care, that such warnings were necessary to ensure the safety of plaintiff and all others present;

e.  Carelessly and negligently failed to properly inspect the premises, knowing or where it should have known that its failure to do so represented a danger to those lawfully on the premises;

f.  Was otherwise careless and negligent.

13.  As a direct result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, Rufus Coleman, the Plaintiff, Charlene Avery-Lewis, then and there sustained severe and permanent bodily injury and was, and will be hindered and prevented from attending to her usual duties and affairs of life, and has lost and will continue to lose, the value of that time and aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and because liable for large sums of money for medical care and services and will in the future expend money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the plaintiff, Charlene Avery-Lewis, demands judgment against the Defendant, Rufus Coleman, in a sum greater than $50,000.00 (Fifty Thousand Dollars) plus costs of this case and any additional relief this Court deems fair and just.

## COUNT II – CHARLENE AVERY-LEWIS V. BARBARA COLEMAN - NEGLIGENCE

3

14. Plaintiff re-incorporated, re-alleges, and re-states counts one (1) through thirteen (13) as though fully stated herein.

15. Defendant, Barbara Coleman, knew or should have known that said stairs represented a dangerous condition to those lawfully on the premises.

16. At all times material to this incident Defendant, Barbara Coleman had a duty to maintain the aforementioned premises in a safe and reasonable manner so as to prevent injury to those lawfully on the premises.

17. Defendant, Barbara Coleman, breached the aforementioned duty through one or more of the following acts and/or omissions:

   a. Carelessly and negligently operated, managed, maintained, inspected and/or controlled the premises;

   b. Carelessly and negligently failed to remove the dangerous condition from the premises;

   c. Carelessly and negligently failed to take any safety precautions whatsoever to remove and/or prevent the dangerous condition, knowing or where it should have known that its failure to do so represented a danger those lawfully on the premises;

   d. Carelessly and negligently failed to post proper warnings of the dangerous conditions that existed, knowing or where it should have known in the exercise of reasonable care, that such warnings were necessary to ensure the safety of plaintiff and all others present;

   e. Carelessly and negligently failed to properly inspect the premises, knowing or where it should have known that its failure to do so represented a danger to those lawfully on the premises;

   f. Was otherwise careless and negligent.

18. As a direct result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, Barbara Coleman, the Plaintiff, Charlene Avery-Lewis, then and there sustained severe and permanent bodily injury and was, and will be hindered and prevented from attending to her usual duties and affairs of life, and has lost and will continue to

4

lose, the value of that time and aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and because liable for large sums of money for medical care and services and will in the future expend money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the plaintiff, Charlene Avery-Lewis, demands judgment against the Defendant, Barbara Coleman, in a sum greater than $50,000.00 (Fifty Thousand Dollars) plus costs of this case and any additional relief this Court deems fair and just.

## COUNT III – CHARLENE AVERY – LEWIS V. FREDDIE MAC - NEGLIGENCE

19. Plaintiff re-incorporated, re-alleges, and re-states counts one (1) through eighteen (18) as though fully stated herein.

20. Defendant, Freddie Mac, knew or should have known that said stairs represented a dangerous condition to those lawfully on the premises.

21. At all times material to this incident Defendant, Freddie Mac, had a duty to maintain the aforementioned premises in a safe and reasonable manner so as to prevent injury to those lawfully on the premises.

22. Defendant, Freddie Mac, breached the aforementioned duty through one or more of the following acts and/or omissions:

    a. Carelessly and negligently operated, managed, maintained, inspected and/or controlled the premises;

    b. Carelessly and negligently failed to remove the dangerous condition from the premises;

    c. Carelessly and negligently failed to take any safety precautions whatsoever to remove and/or prevent the dangerous condition, knowing or where it should have known that its failure to do so represented a danger those lawfully on the premises;

5

d. Carelessly and negligently failed to post proper warnings of the dangerous conditions that existed, knowing or where it should have known in the exercise of reasonable care, that such warnings were necessary to ensure the safety of plaintiff and all others present;

e. Carelessly and negligently failed to properly inspect the premises, knowing or where it should have known that its failure to do so represented a danger to those lawfully on the premises;

f. Was otherwise careless and negligent.

23. As a direct result of one or more of the aforesaid careless and negligent acts and/or omissions of the Defendant, Freddie Mac, the Plaintiff, Charlene Avery-Lewis, then and there sustained severe and permanent bodily injury and was, and will be hindered and prevented from attending to her usual duties and affairs of life, and has lost and will continue to lose, the value of that time and aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and because liable for large sums of money for medical care and services and will in the future expend money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, the plaintiff, Charlene Avery-Lewis, demands judgment against the Defendant, Freddie Mac, in a sum greater than $50,000.00 (Fifty Thousand Dollars) plus costs of this case and any additional relief this Court deems fair and just.

Plaintiff:

_____
Robert A. Langendorf

ROBERT A. LANGENDORF, P.C.
134 N. LaSalle Street, Suite 1515
Chicago, Illinois 60602
Phone: (312) 782-5933
Attorney No.: 26017

6

STATE OF ILLINOIS     )
                       ) SS.

COUNTY OF COOK     )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT – LAW DIVISION

| | |
|---|---|
| CHARLENE AVERY-LEWIS, | ) |
| | ) |
| Plaintiff, | )     Case No.: |
| | ) |
| -vs- | ) |
| | ) |
| RUFUS COLEMAN, BARBARA | ) |
| COLEMAN, and THE FREDDIE MAC | ) |
| FOUNDATION, INC. d/b/a FEDERAL | ) |
| HOME LOAN MORTGAGE CORP. a/k/a | ) |
| FREDDIE MAC, | ) |
| | ) |
| Defendants. | ) |

### AFFIDAVIT OF DAMAGES

The undersigned being first duly sworn upon oath, deposes and states that he is an attorney for the party to the above entitled cause of action seeking money damages or collection of taxes and that this cause of action:

       **_XX_**    **DOES EXCEED $50,000.00**

       **_____**    **DOES NOT EXCEED $50,000.00**

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he/she verily believes the same to be true. The undersigned has knowledge of the facts set forth in this affidavit and if called as a witness, and sworn under oath would testify as stated herein.

_____
Robert A. Langendorf

ROBERT A. LANGENDORF, P.C.
134 N. LaSalle Street – Suite 1515
Chicago, Illinois 60602
Phone: (312) 782-5933
Atty. No.: 26017

7